————o————

No. 5889.

## OTTO KNOOP LUMBER & REALTY COMPANY vs. W. C. DURNING, ET AL.

### Syllabus.

1. Dilatory exceptions should be pleaded specially and *in limine,* or they will not be noticed.

2. Where a petition clearly distinguishes between different debts and asks for separate judgment on each, the fact that they are sued for in a single action is not, of itself alone, evidence of a merger and novation of such debts.

3.  Documents admitted in evidence without objection prove themselves.

Appeal from the Civil District Court for the Parish of Orleans, Division "E," No. 99,449, Hon. G. H. Theard, Judge.

F. McGloin, Teissier & Teissier, for plaintiff and appellant.

U. Marinoni, Jr., for defendant and appellee.

His Honor, John St. Paul, rendered the opinion and decree of the Court, as follows:

## In the Matter of Costs.

This is an appeal involving only $130.48, being from a judgment dismissing, as in case of non-suit, plaintiff's demand against Joseph Reggio, one of the defendants, for that sum. The fact that an additional and separate sum was demanded from the main defendant does not alter the case, since that demand is not passed upon in the judgment appealed from and is not before this Court. The costs of appeal should be regulated accordingly.

## On the Exception.

Defendant's pleadings consist of an exception of no cause of action and a general denial; but the argument and brief presented in his behalf to this Court, address themselves exclusively to an alleged improper cumulation of disconnected demands, which is not set up in the pleadings, and which we cannot therefore even consider; since such a plea is dilatory and should have been set up specially and **in limine**;

And, to a question of novation based upon an alleged merging in the petition of the debt upon which he is sued **quasi** as surety, with another debt of the other defendant,

— 313 —

with which he has no concern. But this is neither pleaded nor well founded, since the petition (which is all that is before us) carefully distinguishes the two debts and asks for separate judgment on each; and there is no suggestion in pleading, brief or argument that they have been novated in any other manner.

### On the Merits.

Plaintiff produced and offered dray receipts purporting to show delivery of the building materials for which it sues. These were admitted in evidence without objection, and thus prove themselves. These receipts satisfy us that building material to the amount of $111.78 were delivered at plaintiff's premises as claimed.

The judgment appealed from is reversed, and it is now ordered that there be judgment in favor of the plaintiff Otto Knoop Lumber & Realty Company, and against the defendant Joseph Reggio, for the full sum of one hundred and eleven 78/100 dollars ($111.78) with legal interest from judicial demand until paid, and with recognition of a lien for building materials furnished, upon the property of defendant forming the corner St. Thomas and Religious Streets in the square bounded by Felicity and St. James Streets, in the (City) of New Orleans; defendant to pay costs of both Courts.

Opinion and decree, June 19th, 1913.

Rehearing refused, July 21st, 1913.

—————o—————

